UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ADAM A. LOCKE,

   Plaintiff,

v.                Case No. 18-C-443

RICHARD SCHMIDT, *Milwaukee County Sheriff*, et al.,

   Defendants.

---

## SCREENING ORDER

---

The plaintiff, who is currently a pretrial detainee at Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee, or *in forma pauperis*. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee, not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $38. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff brings three different allegations during the complaint, all of which pertain to the conditions of his confinement at the Milwaukee County Jail. First, he complains that the heating and ventilation systems are malfunctioning in the unit where he is confined, which is causing "hazardous heat" in cell and has resulted in dehydration and physical injuries, like dizziness, nausea, and fainting.

2

He alleges he has complained to every officer on every shift. Specifically, he alleges that Captain Jubilee, Officer Newman, and Officer Turner have all investigated the heating problem, remarked about the cell's heat, and requested maintenance to be sent to fix the problems, but that nothing has changed. Plaintiff alleges that Sheriff Schmidt, Captain Dubson, and Captain Dittberner were placed on notice of the heating and ventilation problems by himself, his grievances, and by staff members who relayed concerns about the systems and nothing has been done. He alleges the extreme heat has caused him physical problems, including dehydration, nausea, and fainting. Additionally, Plaintiff alleges that although he has been moved to two different cells, all of his cells have suffered from the same heating an ventilation problems.

Plaintiff brings two other claims. First, he alleges the laundry procedures are insufficient because he only receives clean clothes on Wednesdays and Fridays. Accordingly, inmates have to wear the same clothes from Friday to Wednesday, which he dislikes because the cell's heat and playing basketball during recreational time leave him and other inmates sweaty. He also alleges that sometimes he does not receive a full set of clean clothes, which results in him wearing the same socks, underwear, or smocks for a week. Lastly, he alleges inmates caught with extra laundry or washing the laundry in their sink face disciplinary consequences.

Plaintiff's final claim pertains to Milwaukee County Jail's law library, which Plaintiff feels is inadequate because it does not have computers or access to legal research databases. Instead, the law library has books and someone who will copy relevant statutes and cases for inmates. Plaintiff alleges this is insufficient because the books are old and missing pages.

THE COURT'S ANALYSIS

**I. Heating and Ventilation Systems**

The Eighth Amendment prohibits "cruel and unusual punishment" of a prisoner. U.S. Const. amend. VIII. "In order to violate the Eighth Amendment, the condition of confinement must be a denial of 'basic human needs' or the 'minimal civilized measure of life's necessities.'" *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Additionally, the "infliction must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Id*. (citations omitted). Furthermore, the Due Process Clause prohibits any kind of punishment of a pretrial detainee,[1] not simply cruel and unusual punishment. *Id*. (citations omitted). "A condition of confinement may be imposed on a pretrial detainee without violating the Due Process Clause if it is reasonably related to a legitimate and non-punitive governmental goal. It may not be arbitrary or purposeless." *Id*. (citations omitted).

In order to state a claim that the conditions of confinement in a jail or prison violate the Eighth Amendment's[2] prohibition against cruel and unusual punishment, there must be (1) "a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of "the minimal civilized measure of life's necessities,"' and (2) where prison officials are deliberately

---

[1] Although not specifically alleged, it appears from the pleading that Plaintiff is a pretrial detainee.

[2] While the source of protection for pretrial detainees is the Due Process Clause, the protect is at least as extensive as that provided for convicted prisoners by the Eight's Amendment's protection against cruel and unusual punishment. *Salazar v. City of Chi.*, 940 F.2d 233, 239–40 (7th Cir. 1991).

4

indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Prison conditions may be unconstitutionally unacceptable if they "pose a 'substantial risk to inmate health or safety.'" *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Farmer*, 511 U.S. 837). A lack of heat, inadequate clothing, or sanitation can constitute such a deprivation. *Gray*, 826 F.3d at 1005 (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)). At the same time, "[j]ail conditions 'may be uncomfortable, even harsh, without being inhumane.'" *Estate of Simpson*, 863 F.3d at 745 (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664–65 (7th Cir. 2012)).

Plaintiff has sufficiently stated a claim for cruel and unusual punishment caused by the high heat and lack of ventilation in his cell. Just like a lack of heat can cause a substantial risk to an inmate's health, so, too, can excessive heat. This is evidenced in the various side-effects Plaintiff has alleged experiencing, including nausea, dizziness, vomiting, confusion, etc. Thus, Plaintiff's condition is objectively serious. Plaintiff has also met the subjective awareness requirement for Defendants Jubilee, Newman, Turner, Dittberner, Dubson, and Schmidt. Plaintiff alleged Defendants Jubilee, Newman, and Turner, all had direct knowledge of the heating problems because they all visited his cell at various times and experienced it. He alleges that while they called for maintenance, they did not do anything more and he continued to suffer, especially because maintenance never came. Additionally Plaintiff has sufficiently alleged that Defendants Dittberner, Dubson, and Schmidt have knowledge of the heating problems because Plaintiff alleges he repeatedly complained and filed grievances. Plaintiff also complained about the heating problems to staff members who repeatedly relayed the complaints to maintenance and the captains, such as Captains Dittberner and Dubson. Their positions, as captains and the sheriff, justify the inference, at this stage in the proceedings, that

5

they had some awareness and responsibility for the situation. *Antonelli*, 81 F.3d at 1428. Therefore, reading Plaintiff's complaint liberally and assuming its truth, as I must do during a § 1915 screening, Plaintiff has sufficiently pled a claim against Defendants Jubilee, Newman, Turner, Dittberner, Dubson, and Schmidt of cruel and unusual punishment for the conditions of confinement caused by the heating and ventilation systems.

Furthermore, because I am allowing a claim against the Defendant Schmidt, I will allow Plaintiff to proceed against Milwaukee County on the same claim. A governmental unit can be liable under § 1983 if the deprivation of rights is caused by its own policy or custom. *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008). A policy or custom can be shown if the deprivation is caused by a person with final policymaking decision. *Id*. Sheriff Schmidt would be a person capable of a final policymaking decision. As such, Plaintiff has sufficiently stated a claim against Milwaukee County.

**II. Inadequate Laundry**

Plaintiff has failed to state a claim for inadequate laundry. First, Plaintiff's allegation that he only receives fresh laundry on Wednesdays and Fridays is insufficient to meet the requirement that the deprivation be, from an objective standpoint, sufficiently serious that it results 'in the denial of "the minimal civilized measure of life's necessities."' *Gray*, 826 F.3d at 1005. Although Plaintiff may prefer that he receive fresh laundry more often, his allegation that the laundry schedule leaves him smelly and sweaty, especially after exercising, is merely a complaint that the laundry schedule makes him uncomfortable. Plaintiff offers no facts to suggest there is a substantial risk to his health or safety. *See Estate of Simpson*, 863 F.3d at 745 (explaining that conditions of confinement must exceed mere discomfort before they are considered constitutionally unacceptable). In *Harris v.*

*Fleming*, the prison conditions did not violate the objective component where the prisoner did not receive toilet paper for five days, did not receive soap, toothpaste, and a toothbrush for ten days, and was housed in a filthy, roach-infested cell. 839 F.2d 1232, 1235 (7th Cir. 1988). Given that the conditions in *Harris* did not violate the objective component, Plaintiff's allegation that the laundry schedule is inadequate fails to meet the requirement that deprivation be objectively serious. *See Martin v. Tyson,* 845 F.2d 1451, 1457 (7th Cir. 1988) (finding "no constitutional harm" in complaints about the infrequency of the laundry schedule at a rural jail"); *Cunningham v. Finley*, No. 04-583-WDS, 2006 WL 3210194, at * 1–2 (S.D. Ill. Nov. 6, 2006) (holding allegations that a prisoner wore the same jumpsuit for two weeks before receiving a clean one to be insufficient to meet the objective requirement of the conditions of confinement analysis); *Coughlin v. Sheahan*, No. 94-C-2863, 1995 WL 12255, at *3 (N.D. Ill. Jan. 12, 1995) (finding no constitutional violation when pretrial detainee was only given one change of clothing during a three-month period and forced to wash his clothes in the sink).

Additionally, Plaintiff fails to state a claim because he has alleged no injury from the laundry schedule. "There is no tort without an injury, and this is as true of constitutional as of ordinary torts. . . ." *Niehus v. Liberio*, 973 F.2d 526, 531–32 (7th Cir. 1992). Although being sweaty and smelly may make Plaintiff uncomfortable, it is not an injury. *Myers v. Ind. Dep't of Corr.*, No. 1:15-cv-00471-TWP-MJD, 2015 WL 2125003, at *4 (S.D. Ind. May 6, 2015) ("He alleges no harmful effect on his health. Although a smell like 'sweaty gym clothes' is not pleasant, [plaintiff] has not alleged facts sufficient to find that he was forced to endure deprivations of the minimal civilized measures of life's necessities with regard to the [prison's] laundry services."); *Moss v. DeTella*, No. 96-C-5398, 1997 WL 24745, at *2 (N.D. Jan. 16, 1997) ("As uncomfortable as it might have

been for Moss not to have received clean clothing and bedding on a regular basis during lockdown, he alleged no physical injury, and thus this lack of clean clothing and bedding does not rise to the level of a constitutional violation").

Furthermore, Plaintiff failed to allege that any of the defendants have subjective knowledge of Plaintiff's perceived insufficiencies in the laundry schedule. Plaintiff offered no factual allegations that he complained to any specific officer. Rather, Plaintiff submits a copy one inmate complaint that he submitted, which was initialed by an "MA." This is insufficient to allege that any of the defendants had subject knowledge, especially given that none of the defendants have the initials "MA." *See Moore v. Brace*, No. 17-cv-943, 2017 U.S. Dist. LEXIS 175079, at *16 (S.D. Ill. Oct. 23, 2010) (dismissing claims of inadequate clean clothing because there was no indication defendants had been informed that plaintiff had not received clean laundry in over a month). As such, Plaintiff has failed to state a claim for his perceived inadequacies in the laundry schedule.

### III. Inadequate Law Library

Lastly, Plaintiff has failed to state a claim for an inability to access the courts due to an inadequate law library. Plaintiff asserts that Milwaukee County's law library is inadequate because it does not have a computer, word processing software, or access to the online legal research databases. Instead, it has approximately fifteen law books, many of which Plaintiff alleges are missing pages. However, Plaintiff alleges no harm that he has suffered due to his perceived inadequacies in the law library. The United States Supreme Court has explained that *Bounds v. Smith*, 430 U.S. 817 (1977), which established a fundamental constitutional right of access to the courts, "did not create an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or

legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, the Supreme Court explained that an inmate must show an actual injury caused by the inadequate law library in order to sustain an access to the courts claim. *Id*. at 351–54. This is shown through a two part test. First, the inmate must show that jail officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the laws." *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). Then, the inmate must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994).

Although Plaintiff alleges that he believes officials have not provided an adequate law library, he has failed to allege any facts showing some quantum of detriment. Plaintiff identifies all of the litigation he is currently pursuing, including an appeal to the Seventh Circuit, a habeas proceeding, and a resentencing in his criminal case; however, Plaintiff has not alleged any facts to infer any quantum of detriment he has experienced in any of his cases because of this law library. Rather, the considerable amount of legal citations and arguments Plaintiff has provided in this complaint contradict Plaintiff's assertion that he is hindered by the law library.

Plaintiff alleges that he watches other pretrial detainees accept pleas, which he attributes to the lack of law library. However, this is insufficient to create some quantum of detriment because these are potential injuries that others may have incurred, not injuries that Plaintiff has incurred. In sum, Plaintiff has failed to state a claim based on the allegedly inadequate law library.

## CONCLUSION

The court finds that the plaintiff may proceed on his condition of confinement claim against all Defendants for the extreme heat caused by the malfunctioning heating and ventilation systems. Plaintiff's claims for an inadequate laundry schedule and an inadequate law library are dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $312 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined. A copy should also be sent to Dennis Brand at the Milwaukee County Jail.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this  2nd  day of May, 2018.

>s/ William C. Griesbach
>William C. Griesbach, Chief Judge
>United States District Court